IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | )<br>) CR 99-175<br>) |
| v. | |
| JASPER STUBBS | |

**OPINION AND ORDER**

**SYNOPSIS**

On October 2, 2000, a jury convicted Defendant of conspiracy, bank robbery, armed bank robbery, use of a firearm during a crime of violence, and being a felon in possession of a firearm. On December 8, 2000, Defendant was sentenced to consecutive and concurrent terms of imprisonment totaling 346 months, followed by a five-year term of supervised release. Defendant, now 62 years old, has served over twenty years of his sentence. He is presently housed at Talladega FCI, and his projected release date is May 2, 2024.  Defendant filed pro se Motions for compassionate release pursuant to 18 U.S.C. § 3582, which were supplemented by a counseled Memorandum. The Government has responded, and Defendant has replied.  The parties agree that Defendant has fulfilled applicable exhaustion requirements.  For the following reasons, Defendant's Motions will be granted.

**OPINION**

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[1]  According to pertinent application notes, circumstances that might constitute

---

[1] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

extraordinary and compelling reasons include "a serious physical or medical condition." Id. at comment. n. 1(A), (C)). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)).   To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020).  Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).

Here, Defendant has produced evidence of serious medical conditions, including type II diabetes mellitus, hypertension, chronic hepatitis C, chronic lung conditions, and hyperlipidemia. The Government concedes that Defendant's conditions might rise to the level of extraordinary and compelling reasons.  Type II diabetes mellitus and chronic lung disease are identified by the Centers for Disease Control and Prevention ("CDC") as conditions that place a person at increased risk for severe illness due to COVID-19. https://cdc.gov/coronavirus (accessed Aug, 13, 2020).  The CDC states that hypertension and liver disease (including hepatitis C) "might" place a person at increased risk. Id.  There is no indication that Defendant suffered from these conditions at the time of his original sentencing.  The Court is aware of the Bureau of Prisons' ("BOP") efforts to control the spread of coronavirus, but also notes that COVID-19 is present at Talladega FCI.  The BOP reports 3 positive inmate and 6 positive staff tests at the facility.

https://www.bop.gov/coronavirus/ (accessed Aug, 13, 2020). Under the circumstances present here, and in light of the Government's acknowledgements regarding Defendant's health situation, I find that Defendant's serious medical conditions provide extraordinary and compelling reasons that warrant relief.

Primarily, the Government's opposition to Defendant's release falls under the umbrella of 18 U.S.C. § 3553. Section 3582 directs the Court to a § 3553(a) analysis "to the extent [the factors] are applicable[.]" These factors include Defendant's history and characteristics; the nature and circumstances of his offense; the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, provide adequate deterrence, and protect the public; the need for rehabilitative and medical services; the kinds of sentences available and the applicable guideline range; pertinent policy statements; and the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a). The Government objects to Defendant's release due to the seriousness of his crime and his criminal history. It requests that if this Court decides to grant Defendant relief, Defendant be subject to a 14-day quarantine by the Bureau of Prisons ("BOP").

Here, Defendant's offenses were undoubtedly serious. As evidenced by the cases to which Defendant cites, however, the conviction of serious crimes such as Defendant's are not an absolute bar to compassionate release. Defendant has a significant criminal history, which includes multiple state court convictions for armed robbery in 1979, and a burglary in 1980. However, the Court must also consider Defendant as he stands before the court today. Cf. United States v. Lopez-Pastrana, 889 F.3d 13, 23 (1st Cir. 2018). As Defendant states, he "is now 62 years old, has been incarcerated since October 1999, or nearly 21 years, and has a little over three years left to serve of his 28.8 year (346 months) sentence." His crimes occurred long ago.

The record reflects Defendant's participation in UNICOR work detail for eight years, and that he has received "good reviews." Defendant has completed his GED or high school diploma, and has taken several educational courses.  The record also reflects a single disciplinary issue in 2009, in which Defendant accepted responsibility for possessing an unauthorized item. It appears that many years have passed without any recorded incident.  Defendant's release plan, which Probation has conditionally approved, involves his release to the home of his sister.  Defense counsel represents that Defendant has a fiancé, family support, and the promise of work upon his release.  I will not speculate about what Defendant's sentence might have been had his original sentencing occurred today instead of in 2000, under then-mandatory Guidelines and before potentially relevant Supreme Court decisions.  Nonetheless, I have considered and taken into account Defendant's arguments in that regard.

Under all of the circumstances, and in light of Section 3582, pertinent policy statements, and applicable Section 3553 factors, I find that a shortened term of imprisonment, followed by a five-year term of supervised release, is appropriate. Such a sentence is sufficient but no greater than necessary to reflect the seriousness of Defendant's offense, promote respect for the law, afford both specific and general deterrence, provide just punishment, and protect the public from further crimes of Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's sentence of imprisonment will be reduced to time served, subject to a 14-day period of quarantine.  The BOP is to place Defendant in a 14-day period of quarantine and conduct medical clearance before release, in order to minimize the possibility of spread of COVID-19 from defendant to public. The BOP shall release Defendant as soon as practicable.  This brief delay in release also will allow the BOP to make arrangements

for processing his release and Probation to complete it assessment of the terms of Defendant's supervision.  The Probation Office may, of course, request any necessary modifications to the terms of Defendant's supervision.  Pending any such request, the term of supervised release, along with all conditions of supervision originally imposed, shall remain in full force and effect and commence immediately upon Defendant's release.

      An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated:  August 13, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 99-175 |
| | ) |
| v. | |
| JASPER STUBBS | |

## ORDER OF COURT

AND NOW, this 13th day of August, 2020, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motions for Release/Reduced Sentence [348] [350] are GRANTED. Defendant's sentence of imprisonment is hereby reduced to time served, subject to a 14-day period of quarantine and medical screening. The BOP, therefore, is to release Defendant as soon as practicable. The five-year term of supervised release originally imposed, along with all attendant conditions of supervision, shall remain in full force and effect and shall commence immediately upon the conclusion of the 14-day quarantine period.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court